W. Pennington,
master, furnished the Chancellor the following opinion.
This is an injunction bill, purely so, having no further or other object than to restrain the defendant from proceeding in a suit instituted by him in the Supreme Court of this state against the Elizabethtown and Somerville Railroad Company. The statement of facts on which the injunction is asked is somewhat singular, and is as follows. I state them from the bill, and they are not disputed by the answer.
On tbe 9th of February, 1831, “tbe Elizabethtown and Somerville Railroad Company” was created by an act of tbe legislature of this state, with full powers, under that name, to construct a railroad from Elizabethtown to Somerville. This company became embarrassed, and in the years 1839 and 1840, borrowed large sums of money, amounting, in the whole, to $300,000, for the purposes of constructing the road, and gave encumbrances by mortgages on tbe road and its appendages and appurtenances, and upon the franchises, powers, and privileges and char *338 tered rights. Subsequent to the giving of these mortgages, (and which were three in number, and held by different parties, and before the money had been paid on them,) the legislature of this state, on the 11th of March, 1842, passed “A further supplement to the act creating the Elizabethtown and Somerville Railroad Company,” providing that mortgages given for the construction of the road should be valid and binding, and that all sales made under them should confer the franchises, powers, privileges, and rights of the company. There was a provision that this act should receive the assent of two-thirds of the stockholders of the company, which is charged in the bill to have been complied with. Provision was also made that judgments on liens already existing against the road should not be affected by such sales. But this could have no bearing upon creditors at large; it referred, no doubt, to some lien on the road, whereby the property was, in some form, specially bound. Power was also conferred, by the said act, on the stockholders, within a certain time after a sale, to redeem the road; but this was never done. The road was sold under a decree of this court on the said mortgages, and bought in by one or more of the mortgagees, who entered and took possession of the said road. The purchasers then divided their purchase into shares, and sold them out, and organized the company again under the old charter. Things being in this situation in the year 1847, a new company was chartered by the legislature, by the name of “ the Somerville and Easton Railroad Company,” and went into operation, for the purpose of continuing the said railroad from Somerville to the Delaware river. The two companies before stated subsequently became united under one organization, by an act passed in the year 1849, and “the said Somerville and Easton Railroad Company” were authorized to buy out “the Elizabethtown and Somerville Railroad Company,” and to assume the name of the complainants in this action. The union was completed accordingly, and the road has ever *339 since been conducted under the name of “ the Central Railroad Company of New Jersey.”
This brings us to the important question in the cause, growing out of a provision in the last named act, that upon such purchase as aforesaid being completed, “the Central Railroad Company of New Jersey” should become responsible for all debts contracted by “ the Elizabethtown and Somerville Railroad Company” since the foreclosure of the mortgages under which the present stockholders claim to hold the same.
The bill then charges that the defendant, John Bunn, prosecuted a suit against “ the Elizabethtown and Somerville Railroad Company” in the Supreme Court, returnable to the term of September, 1848, for a debt due prior to the sale under the said mortgages; and, as early as May, 1842, caused the same to be served on Stephen Yail, the president of the old, and also the president of the new company, as organized under the master’s sale, and was proceeding to obtain judgment thereon. This suit is sought to be restrained because the new company organized under the master’s sale is not liable for the debt, and also because, from the manner in which the suit is brought, the name of the company being the same, and the president being the same person on whom process was served, it is impossible to say which company — that organized under the original act, or that under the master’s sale, is designed to be reached. It seems to me quite plain, under the acts referred to, that a suit against “ the Elizabeth-town and Somerville Railroad Company,” under its original organization, is entirely regular, and cannot be interfered with by this court. It is the ordinary case of a suitor prosecuting his claim at law against his debtors. To this extent no injunction can issue. But it seems equally clear, by the same acts, that no suit can be legitimately brought by a creditor for a debt arising under the old organization (which is the case with the defendants), for it is expressly provided that the new company shall *340 not be liable therefor. If this be so, is there any difficulty or any injustice in restraining the suit in the one ease, and not in the other ? I see no wrong done, unless the defendant can show he has a right to proceed against the company, as newly organized, and he ought, in my judgment, to show that or be enjoined. If the suit was distinctly marked, so that no difficulty was interposed in making a fair open defence at law, the defendant might, with propriety, be left to that course. But here is a difficulty, and a very great one. The companies are organized under the same name, and it seems the same person on whom process was served was president of both companies. The complainants should not be thus embarrassed. They are entitled to know whether they are sued or not, and whether it is intended to seek to recover a judgment against them, and to make the defendant’s debt out of their property.
"When this case was discussed before me on the bill alone, the defendants were distinctly informed, that if, by their answer; they disavowed any intention of proceeding against the new company, as organized under the master’s sale, the injunction would be dissolved with costs. Does the answer meet this view of the case ? and, if so, in what way?
There seems, in the answer, to be a general admission of the statements of the bill; and when it comes to this question, it is obvious the defendant means to insist on his right to hold his suit in the equivocal position of proceeding against both the old and the new organizations of the company, certainly he does not waive his right to proceed against the new. The answer thus speaks: “And this defendant further answering saith, he is not seeking, as is charged in the complainant’s said bill of complaint, by means of the said action, and a judgment to be entered thereon in general terms against ‘ the said Elizabethtown and Somerville Railroad Company,’ to make the complainants, or any property of the complainants, liable for the said *341 claim of this defendant, except so far as the said company or said property may be found to be legally and equitably liable for the same; and that he is not seeking in any way to obtain any advantage by means of said suit against any party or any property, except so far as he is entitled to the same by the law of the land.”
If the injunction was properly granted under the bill— if the view thus taken be correct — there is nothing in the answer shown to vary it. It is rather in confirmation of it. Suppose the defendant is permitted to go on and perfect a judgment against “ the Elizabethtown and Somerville Railroad Company,” what will be the position of the new company and their property ? It was said, on the argument, that the complainants must wait until the defendant sought, by his judgment, to take their property. If the complainants could interfere then by the aid of this court, they can now, and with much more propriety.
The case is rather novel, I admit, but under the peculiar circumstances attending it, and believing, as I must, that the complainants are not liable’ under the new organization for this debt, I shall respectfully advise the Chancellor that the ends of justice require that the injunction be continued, so far as tbe suit now pending is against the organization of the company under the master’s sale, and that the defendant be allowed to proceed with his suit, as against the company, only under the first organization, and that the costs abide the final decree in the cause.
I add, that the defendant in this suit has the right, and it will be an open question under his answer, to show that ho has a right to recover in his action at law against the new company, and that can be, and should be settled in ibis court and in this action.